UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sue Harmon, individually and on behalf of all others similarly situated, | 3:23-cv-01643 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Lenovo (United States) Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Lenovo (United States) Inc. ("Defendant") manufactures a "smart clock" promised to have a "big & bold display [so] you can check out the time from across the room" as a result of its four inch light emitting diode ("LED") display ("Product").[1]



2. Regardless of whether the Product is sold from a third-party or directly from Lenovo, its representations are substantially similar because Defendant distributes the same promotional material and requires it be presented to consumers.

---

[1] A smart clock describes a clock which connects to the internet to retrieve information.

3. The representations are misleading because the LED lights consistently burn out prematurely and fail to adjust to changing levels of ambient light.

4. The result is that users cannot "check[] the time & weather," because, to use one example, the time could be anywhere from 4:20 PM to 8:20 PM based on the first digit, while the temperature reading of zero degrees was false because it was 80 degrees.



5. Many owners have described how this defect is prone to manifest when the screen dims when the amount of ambient light decreases.

6. This means the Product cannot "[be] a great night-time companion with its built-in nightlight that provides a small source of light" because users are unable to check what time it is.

7. Frustrated yet creative users have attempted numerous "fixes" with no success.

8. This includes rebooting and resetting the device, applying light pressure to the edges and face of the display and controlling and/or disabling the auto-dim functionality.

9. The causes of this issue are likely attributable to manufacturing defects and quality-control failures.

10. The circuits in LED displays contain numerous emitters, capacitors, and/or semiconductors, and where one of these components is faulty or where quality control is lacking,

the result will be a display failure for the user because of overheating, among other things.

11. Additionally, the use of incompatible and defective LED drivers causes improper power distribution, making it more likely for the screen to suffer from display failures.

12. By using low-grade materials which wear out quicker than expected, it is more likely and even probable that the display will become non-functioning within a short period of time after first use.

13. The high number of occurrences reported on social media and the internet, where the clock had been used for less than a year point to a combination of the above factors as the cause.

14. Finally, numerous reports indicate that Lenovo consistently denies claims for warranty coverage even during the relevant time period it purports to allow such claims.

15. In denying coverage, Defendant attributes the display failures to consumer misuse which they say voids any coverage.

## Jurisdiction and Venue

16. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

17. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

18. Plaintiff is a citizen of Illinois.

19. Defendant is a citizen of Delaware and North Carolina.

20. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

21. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold for several years with the issues described here in hundreds of locations

including consumer electronics stores, big box stores, warehouse club stores, online and from Defendant's website, across the States covered by the proposed classes.

22. Venue is in this District because Plaintiff resides in Saline County and a substantial part of the events or omissions giving rise to these claims occurred in Saline County, including Plaintiff's use of the Product and awareness and/or experiences of and with the issues described here.

## Parties

23. Plaintiff Sue Harmon is a citizen of Carrier Mills, Saline County, Illinois.

24. Defendant Lenovo (United States) Inc. is a Delaware corporation with a principal place of business in North Carolina.

25. Products under the Lenovo brand have an industry-wide reputation for innovation, quality, dependability and value.

26. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $49.99, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

27. Plaintiff purchased the Product within the statutes of limitations for each cause of action alleged, from stores including Amazon.com in 2022 and/or among other times.

28. Plaintiff bought the Product because she believed and expected it would capably and adequately display the time and temperature, regardless of the ambient light and would not prematurely suffer from display failures.

29. Shortly after buying the Product, Plaintiff's device suffered from LED screen display defects where the time and temperature displayed did not appear complete or readable because

parts of the numbers comprising them were faded and/or non-existent.

30. Plaintiff was unable to use the clock in the manner expected and how it was described by Defendant and how such a device is expected to function.

31. Plaintiff relied on the words, descriptions, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

32. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading, or would not have purchased it.

33. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

34. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their abilities, compatibility, attributes, features, and/or components.

35. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition.

36. Had Plaintiff known the truth, she would not have bought the Product or would have paid less for it.

37. Plaintiff is unable to rely on the representations not only of this Product, but other similar smart clocks, because she is unsure whether those representations are truthful.

38. If Defendant's labeling, marketing and representations were required to be truthful, Plaintiff could more adequately rely on the labeling and representations of other smart clocks.

## Class Allegations

39. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Mississippi, Utah, Wyoming, Idaho, West Virginia, Louisiana and Kansas who purchased the Product during the statutes of limitations for each cause of action alleged.

40. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

41. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

42. Plaintiff is an adequate representative because her interests do not conflict with other members.

43. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

44. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

45. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

46. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act<br>("ICFA"), 815 ILCS 505/1, *et seq.*</u><br>(Illinois Class)

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Plaintiff believed the Product would not suffer from premature display failures of the

LED screen which prevented it from informing her of the time and temperature outside.

49. Defendant's false, misleading, and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

50. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

51. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

52. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

53. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breach of Contract

54. Plaintiff and Defendant entered into a contract for the sale of the Product.

55. The terms included but were not limited to sale of a smart clock which would not suffer from premature display failures of its LED screen to tell her the time and temperature.

56. Plaintiff paid money for the Product, which Defendant received.

57. Defendant breached the contract because the Product suffered from premature display failures of its LED screen which prevented it from informing her of the time and temperature outside.

58. Plaintiff was damaged by paying more for the Product than she would have paid,

because she would not have bought it or would have paid less had she known its LED screen would prematurely fail.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

59. The Product was manufactured, identified, marketed, distributed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside.

60. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, product descriptions distributed to resellers, and targeted digital advertising.

61. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing to directly meet those needs and desires.

62. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside.

63. Defendant's representations affirmed and promised that the Product would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside.

64. Defendant described the Product so Plaintiff believed it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside, which became part of the basis of the bargain that it would conform to

its affirmations and promises.

65. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

66. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company known for its high-quality electronics.

67. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

68. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

69. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

70. The Product did not conform to its promises or affirmations of fact due to Defendant's actions.

71. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made in marketing or advertising, because it was marketed as if it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside.

72. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

9

### Negligent Misrepresentation

73. Defendant had a duty to truthfully represent the Products, which it breached.

74. This duty was non-delegable, based on Defendant's holding itself out as having special knowledge and experience in this area, custodian of the Lenovo brand, associated with high-performance electronics.

75. Defendant's representations and omissions regarding the Product went beyond the specific representations on the packaging, and incorporated the extra-labeling promises and commitments to quality and transparency the Lenovo brand has been known for.

76. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

77. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

78. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

79. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would not suffer from premature display failures of the LED screen which prevented it from informing her of the time and temperature outside.

80. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Injunctive relief to remove, correct and/or refrain from the challenged practices;

3. Awarding monetary, statutory, compensatory and/or punitive damages, restitution and interest;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   May 15, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com